## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.   **CV 23-02563-FLA (DTB)**                                   Date: **January 29, 2024**

Title:  **Preston D. Perkins v. Joseph J. Seida, et al.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:             ATTORNEYS PRESENT FOR DEFENDANT(S):

None present                                                             None present

**PROCEEDINGS: (IN CHAMBERS) ORDER RE PROOFS OF SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT**

### Background

On November 10, 2023, Preston D. Perkins, Jr., ("Plaintiff"), proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. Plaintiff names the following defendants: "Jonathan Delgadillo," "Justice P. Huynh," "Lolita Deavila," "Helen Kim," "Arzviek Moradian," "Celina Robels," "Joseph J. Scida," "Michel R. Moore," "The State of California," and "City of Los Angeles Police Department." On December 1, 2023, plaintiff filed proofs of service and on December 21, 2023, he filed a Request for Entry of Default. On December 26, 2023, the Court denied plaintiff's Request for Entry of Default as plaintiff failed to comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

On December 29, 2023, plaintiff again filed proofs of service on the defendants, which purports to demonstrate service of process on the defendants via electronic mail and/or mail. The Court notes that defendant Moradian has appeared and filed a Motion to Dismiss which is now under submission. However, it again appears that the Summons and FAC were not properly served on the defendants.

## Proof of Service of the Summons and FAC

With respect to the individual defendants, Federal Rule of Civil Procedure 4(e) provides as follows: Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, as set forth below, it appears that neither the Summons nor the FAC were properly served. The Summons and FAC were mailed and/or sent via electronic mail, which is not in compliance with Federal Rule of Civil Procedure 4(e). The same needs to be personally served, left at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivered to an agent authorized by appointment or by law to receive service of process.

With respect to the government entities, Federal Rule of Civil Procedure 4(j)(2) provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . delivering a copy of the summons and of the complaint to its chief executive officer." Federal Rule of Civil Procedure 4(j)(2)(A). Alternatively, Rule 4(j)(2)(B) authorizes service in a manner "prescribed by that state's law for serving a summons or like process on such a defendant." Federal Rule of Civil Procedure 4(j)(2)(B).

Under California law, a plaintiff properly effects service of process on a public agency by serving a "clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). The Roster of Public Agencies, or California Roster, which is kept on file with the California Secretary of State, lists each agency's proper representative and address for service of process. See Cal. Govt. Code § 960.8 ("Service of process in an action or proceeding against a public agency may be made in conformity with the information contained in the statement in the Roster of Public Agencies pertaining to that public agency which is on file at the time of such service.") A plaintiff may also serve an agency's representative through substitute service under California law. To be effective, a plaintiff must leave the summons and complaint at the representative's office with "the person who is apparently in charge" and, thereafter, mail a copy of the documents to the representative at the same address. See Cal. Civ. Proc. Code § 415.20(a).

MINUTES FORM 11  
CIVIL-GEN

Initials of Deputy Clerk   SL

   Here, the proofs of service filed by plaintiff do not reflect proper service in compliance with the requirements set forth above. According to the California Roster, it does not appear that the summons was properly addressed to the defendants, nor do they demonstrate proper substitute service. Rather, it appears that the Summons and FAC were only mailed and/or electronically sent. It does not appear to reflect in person delivery to "the person who is apparently in charge," followed by mailing a copy of the documents to the representative at the same address.

   Accordingly, plaintiff is ORDERED TO SHOW CAUSE why service should not be quashed or why this case should not be dismissed for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff shall file a written response to this Order to Show Cause no later than **February 20, 2024**, addressing the service issues identified above. Plaintiff's failure to respond in writing to the Order to Show cause by the deadline could result in a recommendation that this action be dismissed for insufficient service of process pursuant to Rule 12(b)(5).

   Filing a new proof of service of the Summons and FAC demonstrating proper service under Rule 4(j)(2) of the Federal Rules of Civil Procedure, as explained above, would be a satisfactory response to this Order to Show Cause. No extensions of this deadline will be granted absent extraordinary circumstances.