UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. PERKINS, JR., | Case No. 2:23-cv-02563-FLA (DTB) |
| Plaintiff, | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| JONATHAN DELGADILLO, *et al.*, | |
| Defendants. | |

1         Pursuant to 28 U.S.C. § 636, the court has reviewed the First Amended
2    Complaint, Dkt. 19, all the records and files herein, the report and recommendation
3    of the United States Magistrate Judge ("Report"), Dkt. 119 ("R&R"), and Plaintiff
4    Preston D. Perkins, Jr.'s ("Plaintiff") objections thereto, Dkt. 124 ("Obj.'s").  The
5    Report recommends dismissal of the First Amended Complaint with leave to file a
6    second amended complaint as to Defendant Arzviek Moradian ("Moradian").
7    R&R.  Plaintiff's objections to the Report do not warrant a change to the Magistrate
8    Judge's findings or recommendation.  *See* Obj.'s.
9         First, Plaintiff objects that Defendant Helen Kim ("Kim") is not shielded by
10   prosecutorial immunity because she signed a falsified criminal complaint and
11   committed other acts of misconduct.  Obj.'s at 2–3, 6–8.  The court, however,
12   concurs with the Report that Kim is entitled to prosecutorial immunity for the
13   alleged acts, as each act was taken within the scope of prosecutorial duties.  *See*
14   R&R at 16–18.  As the Report explains, prosecutorial immunity covers alleged acts
15   that even include malicious prosecution, falsification of evidence, coercion of
16   perjured testimony, and concealment of exculpatory evidence.  *Id*. at 17.
17   Moreover, Plaintiff's proposed second amended complaint does not cure these
18   deficiencies.  *See id*. at 28–29.  Thus, further amendment would be futile.
19        Second, Plaintiff objects that Moradian rendered ineffective assistance of
20   counsel by coercing Plaintiff into a judicial diversion agreement and committing
21   other acts of misconduct.  Obj.'s at 3, 8–12.  The court concurs with the Report
22   that Plaintiff's allegations in the First Amended Complaint as to Defendant
23   Moradian are conclusory and vague, but that Plaintiff should be granted leave to
24   amend.  R&R at 18–19.  Plaintiff may reassert his allegations as to Moradian in a
25   Second Amended Complaint.  *Id*. at 19.
26        Third, Plaintiff objects that the Report improperly excluded audio
27   recordings.  Obj.'s at 3.  The Magistrate Judge, however, properly excluded the

1 | audio recordings because Plaintiff did not timely serve them on Defendants as
2 | required by Local Rule 79-5.3.  Dkts. 114, 116.

3 |      Fourth, Plaintiff objects that Defendant the State of California ("California")
4 | is liable for his injuries arising from malicious prosecution and unlawful searches.
5 | Obj.'s at 3–6.  The court concurs with the Report that Plaintiff's allegations against
6 | California are deficient in multiple respects: Plaintiff has not alleged jurisdiction,
7 | California is immune under the Eleventh Amendment from damages claims, and
8 | Plaintiff has not stated a claim.  R&R at 11–15.  Plaintiff's proposed second
9 | amended complaint does not cure these deficiencies.  *See id*. at 27–28.  Thus,
10 | further amendment would be futile.

11 |      Last, Plaintiff objects that he has cognizable claims against officers of the
12 | Los Angeles Police Department.  Obj.'s at 12–18.  This objection is not responsive
13 | to the Report, which did not analyze Plaintiff's claims against the Defendant police
14 | officers.

15 |      In sum, having reviewed *de novo* the portions of the Report to which
16 | objections have been made, the court concurs with and accepts the findings,
17 | conclusions, and recommendations of the Magistrate Judge.  The court, therefore,
18 | ORDERS as follows:

    (1)    California's motion to dismiss, Dkt. 49, is GRANTED, and all 42 U.S.C. § 1983 ("Section 1983") claims alleged against the State of California are DISMISSED without leave to amend;

    (2)    Kim's motion to dismiss, Dkt. 56, is GRANTED, and the Section 1983 claims alleged against Kim are DISMISSED without leave to amend on the basis of prosecutorial immunity;

    (3)    Moradian's motion to dismiss, Dkt. 29, is GRANTED and the Section 1983 claims and state law claims alleged against Moradian are DISMISSED with leave to amend;

    (4)    Plaintiff's motion for leave to amend, Dkt. 85, is DENIED.

(5) If Plaintiff still desires to pursue this action, he is ordered to file a second amended complaint within thirty (30) days of the date of this Order, eliminating California and Kim as defendants, and remedying the other deficiencies discussed in the Report.

IT IS SO ORDERED.

Dated: September 20, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge