UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. PERKINS, JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>JONATHAN DELGADILLO, *et al.*,<br><br>                Defendants. | Case No. 2:23-cv-02563-FLA (DTBx)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [DKT. 192] AND GRANTING DEFENDANT MORADIAN'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DKT. 145]** |

1

1    Pursuant to 28 U.S.C. § 636, the court has reviewed the Third Amended
2    Complaint (Dkt. 144), all the records and files therein, and the Report and
3    Recommendation of the United States Magistrate Judge (Dkt. 192, the "Report").  The
4    Report recommends the court grant Defendant Arzviek Moradian's ("Moradian")
5    Motion to Dismiss without further leave to amend.  Dkt. 145.  On June 17, 2025,
6    Plaintiff Preston D. Perkins, Jr. ("Plaintiff") filed Objections to the Report and
7    Recommendation (Dkt. 197, "Objections").  Moradian filed a Reply to Objections
8    (Dkt. 198, "Reply") on June 17, 2025.  Having made a *de novo* determination of those
9    portions of the Report to which objections have been made, the court concurs with and
10   accepts the findings, conclusions, and recommendations of the Magistrate Judge.

11   The Report recommends the dismissal of Plaintiff's claims against Moradian, a
12   deputy public defender who represented Plaintiff in a criminal action, for failure to
13   state a claim.  Dkt. 192 ("R. & R.") at 5–6.  Plaintiff's Objections do not merit any
14   change to the Report's findings or recommendations.

15   Plaintiff objects that the Report ignored *Tower v. Glover*, 467 U.S. 914 (1984),
16   in its analysis.  Dkt. 197 ("Obj.") at 10.  In *Tower*, the Supreme Court held that state
17   public defenders were not immune from liability under 42 U.S.C. § 1983 for
18   intentional misconduct, under color of state law, by virtue of alleged conspiratorial
19   action with state officials that deprives their clients of federal rights.  *Tower*, 467 U.S.
20   at 923.  The court agrees with the Report that Plaintiff's allegations of a conspiracy, in
21   the Third Amended Complaint, are merely legal conclusions and suppositions,
22   without factual support.  R. & R. at 17; *see also* Dkt. 144 at 6.  Plaintiff has not
23   offered any facts to support a conspiracy between Moradian and anyone else.  *Id*.

24   Plaintiff objects that Fed. R. Civ. P. 8 was satisfied and that the Report ignored
25   verified evidence.  Obj. at 10–11.  The court agrees with the Report that the
26   allegations in the Third Amended Complaint are not simple, concise, and direct.  Dkt.
27   192 at 15; *see also* Dkt. 144.  Plaintiff has failed to allege clearly what actions by
28   Moradian violated Plaintiff's civil rights.  *Id.*  As to the alleged evidence, which

1  consists of audio recordings of telephone calls between Plaintiff and Moradian, the
2  Report accepted as true Plaintiff's descriptions of the alleged content of those
3  conversations.  R. & R. at 8 n. 11.
4       Plaintiff objects that "Moradian breached her constitutional and fiduciary duty."
5  Obj. at 11.  The court agrees with the Report that Moradian was not a state actor at the
6  time she served as Plaintiff's public defender, and that Plaintiff's allegations relate to
7  Moradian's performance of traditional functions as a public defender.  R. & R. at 16;
8  *see also* Dkt. 144.
9       Plaintiff objects the Report's procedural ruling is designed to evade the merits.
10 Obj. at 11-12.  On the contrary, the court and the parties cannot proceed to the merits
11 of a claim if Plaintiff fails to provide sufficient factual allegations to support it.
12      Plaintiff objects he was denied leave to amend.  *Id.* at 12.  On the contrary,
13 Plaintiff amended his Complaint three times.  Dkts. 19, 126, 144.  The court agrees
14 with the Report that further amendment would be futile.  R. & R. at 24; *see also Espy*
15 *v. JS Glob., Inc.,* 99 F.4th 527, 542 (9th Cir. 2024) (affirming denial of further leave to
16 amend where Plaintiff had previously been granted two chances, "since it was clear
17 that [he] had made [his] best case and had been found wanting.").
18      The court, having considered the Report, Plaintiff's Objections, and Moravian's
19 Reply, and finding good cause therefor, hereby ADOPTS the Report and GRANTS
20 Moravian's Motion to Dismiss.  All 42 U.S.C. § 1983 claims alleged against
21 Moravian are DISMISSED without leave to amend.

     IT IS SO ORDERED.

Dated: July 9, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge